

# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

### INDICTMENT FOR CONSPIRACY AND SECURITIES FRAUD AND NOTICE OF FORFEITURE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 15-20-JWD-SCR |
| | : | |
| | : | 15 U.S.C. § 78j(b) |
| | : | 15 U.S.C. § 78ff |
| *versus* | : | 17 C.F.R. § 240.10b-5 |
| | : | 17 C.F.R. § 240.10b5-1 |
| | : | 18 U.S.C. § 371 |
| | : | 18 U.S.C. § 981(a)(1)(C) |
| JESSE H. ROBERTS, III | : | 28 U.S.C. § 2461(c) |

**THE GRAND JURY CHARGES:**

At the specified times and at all relevant times:

### BACKGROUND

**Persons and Entities**

1.   **JESSE H. ROBERTS, III**, the defendant herein, was a dentist in Ruston, Louisiana, who was an experienced trader in stocks and stock options.

2.   Defendant **ROBERTS'** friend and brother-in-law, Scott David Zeringue, was the Vice President of Construction Operations for the Plant Services Division of The Shaw Group, Inc. ("Shaw").

3.   Shaw was a company based in Baton Rouge, Louisiana, and listed on the New York Stock Exchange ("NYSE"). Shaw provided engineering, construction, technology, fabrication, remediation, and support services for clients in the energy, chemicals, environmental, infrastructure and emergency response industries.

4.      Chicago Bridge and Iron Company N.V. ("CB&I") was an engineering and construction company in the energy industry with headquarters in the Greater Houston metropolitan area. CB&I, like Shaw, was listed on the NYSE.

**The Merger Agreement**

5.      In July 2012, Shaw and CB&I were engaged in negotiations for the acquisition of Shaw by CB&I. On or about July 4, 2012, CB&I proposed acquiring Shaw for $46 per share in cash and stock. Several days later, on the evening of Sunday, July 8, 2012, Shaw's Chief Executive Officer advised high level Shaw executives of the merger proposal. On or about July 9, 2012, CB&I delivered to Shaw a written non-binding indication of interest in acquiring Shaw as previously proposed. On Sunday, July 15, 2012, Shaw's Board of Directors held a meeting in Charlotte, North Carolina, to discuss the proposed transaction. The meeting was attended by Shaw's management team and legal counsel. On or about July 27, 2012, CB&I advised Shaw that CB&I had secured financing for the proposed acquisition. Shaw and CB&I finalized the terms of their merger agreement on or about July 29, 2012. The Shaw-CB&I merger agreement was publicly announced on July 30, 2012 ("the public announcement").

**The Inside Information**

6.      Prior to the public announcement of the merger agreement, in the course of his duties as a Shaw officer, Zeringue received material non-public information regarding the impending acquisition of Shaw by CB&I ("Inside Information").

7.      Zeringue owed a fiduciary duty to Shaw to refrain from using Inside Information for his personal benefit.

**The Insider Trading Scheme**

8. Prior to the public announcement, defendant **ROBERTS** obtained Inside Information from Zeringue. Zeringue told defendant **ROBERTS** that the information was confidential. Defendant **ROBERTS** understood that Zeringue's disclosure of Inside Information was in breach of Zeringue's fiduciary duty to Shaw.

9. As an experienced trader, defendant **ROBERTS** knew that, once the trading public became aware of the impending acquisition of Shaw, the price of Shaw stock would almost certainly rise significantly.

10. From in or before July 2012 through in or around November 2013, defendant **ROBERTS** and Zeringue engaged in a scheme to profit from the Inside Information by buying Shaw securities before the merger agreement became public and then selling the securities after the public announcement of the merger agreement caused the Shaw stock price to rise, all at the expense of Shaw shareholders and potential Shaw shareholders who were not privy to the Inside Information.

**Incorporation of Allegations**

11. The allegations contained in Paragraphs 1 through 10 are hereby re-alleged and incorporated in each count of this Indictment.

### COUNT ONE
### Conspiracy to Commit Securities Fraud

**The Conspiracy and Its Object**

12. Beginning on a date unknown in or before July 2012 and continuing to at least on or about November 23, 2013, within the Middle District of Louisiana and elsewhere, defendant **ROBERTS** and Zeringue knowingly and intentionally conspired with each other to commit an offense against the United States, that is, securities fraud (insider trading) in violation of Title 15,

United States Code, Sections 78j(b) and 78ff, and Title 17, Code of Federal Regulations, Sections 240.10b-5 and 240.10b5-1.

**Manner and Means**

13. The object of the conspiracy was accomplished in the following manner:

    a. In numerous phone conversations, Zeringue provided defendant **ROBERTS** with Inside Information with the understanding that defendant **ROBERTS** would purchase and sell Shaw securities on the basis of such information.

    b. While in possession of Inside Information, defendant **ROBERTS** purchased call options in Shaw through national securities exchanges.

    c. After the public announcement of the Shaw-CB&I merger agreement, defendant **ROBERTS** sold the call options for a profit of more than $689,000.

    d. Defendant **ROBERTS** paid Zeringue $30,000 in cash as Zeringue's share of the illegal profits.

**Overt Acts**

14. In furtherance of the conspiracy and to accomplish its illegal object, defendant **ROBERTS** and Zeringue committed and caused to be committed the following overt acts, among others, in the Middle District of Louisiana and elsewhere:

    a. In a series of phone conversations in July 2012, Zeringue provided Inside Information to defendant **ROBERTS**.

    b. During the phone conversations, defendant **ROBERTS** asked Zeringue questions about the timing of the anticipated merger between Shaw and CB&I.

    c. During one of the phone conversations, Zeringue asked defendant **ROBERTS** to trade $5000 worth of Shaw securities on Zeringue's behalf.

     d.     On or about July 11, 2012, defendant **ROBERTS**, acting through his broker, utilized the NYSE AMEX, Chicago Board Options Exchange, BATS Exchange, and International Securities Exchange options markets to purchase a total of 350 call option contracts in Shaw for $8500.

     e.     On or about July 12, 2012, defendant **ROBERTS** transferred funds into his options trading account to pay for the option contracts purchased the previous day.

     f.     On or about July 16, 2012, defendant **ROBERTS**, acting through his broker, utilized the Chicago Board Options Exchange and BATS Exchange options markets to purchase 400 call option contracts in Shaw for $9500.

     g.     On or about July 24, 2012, defendant **ROBERTS**, acting through his broker, utilized the Chicago Board Options Exchange options market to purchase 150 call option contracts in Shaw for $7500.

     h.     On or about July 30, 2012, defendant **ROBERTS**, acting through his broker, sold 250 of his Shaw option contracts for $285,510.

     i.     On or about July 31, 2012, defendant **ROBERTS**, acting through his broker, sold 250 of his Shaw option contracts for $225,000.

     j.     On or about August 8, 2012, defendant **ROBERTS**, acting through his broker, sold 150 of his Shaw option contracts for $204,000.

     k.     On or about November 23, 2013, defendant **ROBERTS** gave Zeringue $30,000 in cash constituting Zeringue's share of the insider trading proceeds.

The above is a violation of Title 18, United States Code, Section 371.

## COUNT TWO
### Securities Fraud (Insider Trading)

15. From on or about July 9, 2012, through on or about August 8, 2012, in the Middle District of Louisiana and elsewhere, defendant **ROBERTS**, aided and abetted by Zeringue, willfully and knowingly, directly and indirectly, by the use of means and instrumentalities of interstate commerce, the mails, and facilities of national securities exchanges, used and employed manipulative and deceptive devices and contrivances in violation of Title 17, Code of Federal Regulations, Sections 240.10b-5 and 240.10b5-1, in that defendant **ROBERTS** employed devices, schemes, and artifices to defraud and engaged in acts, practices and courses of business which operated and would operate as a fraud and deceit upon any person, all in connection with the purchase or sale of any security, namely, the purchase and sale of call options in Shaw based in whole or in part on Inside Information disclosed by Zeringue in breach of Zeringue's fiduciary duty to Shaw.

The above is a violation of Title 15, United States Code, Sections 78j(b) and 78ff, and Title 17, Code of Federal Regulations, Sections 240.10b-5 and 240.10b5-1.

### NOTICE OF FORFEITURE

16. Upon conviction of the offenses alleged in this Indictment, defendant **JESSE H. ROBERTS, III**, shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property which constitutes or is derived from proceeds traceable to the offenses. The property to be forfeited includes, but is not limited to, approximately SIX HUNDRED EIGHTY NINE THOUSAND TEN DOLLARS ($689,010) in proceeds derived from the offenses.

17. The Court shall order forfeiture of substitute property of the defendant pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), if any property constituting or derived from proceeds of the offenses, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty.

UNITED STATES OF AMERICA, BY

_____
J. WALTER GREEN
UNITED STATES ATTORNEY
MIDDLE DISTRICT OF LOUISIANA

_____
J. CHRISTOPHER DIPPEL, JR.
ASSISTANT U.S. ATTORNEY

_____
M. PATRICIA JONES
ASSISTANT U.S. ATTORNEY

A TRUE BILL

_____
GRAND JURY FOREPERSON

2-19-15
_____
DATE

**Criminal Cover Sheet          U.S. District Court**

**Place of Offense:**                          Matter to be sealed: __X__ No   ____ Yes

City         Baton Rouge                       **Related Case Information:**

County/Parish   East Baton Rouge               Superseding Indictment _____ Docket Number _____
                                               Same Defendant _____        New Defendant __X__
                                               Magistrate Case Number _____
                                               Search Warrant Case No. _____
                                               R 20/ R 40 from District of _____
                                               **Any Other Related Cases:** 14-67-BAJ-RLB,
                                                                            U.S. v. Scott Zeringue

**Defendant Information:**

Defendant Name:   Jesse H. Roberts, III
Alias
Address:
Birthdate:        SS #:           Sex:         Race:        Nationality:

**U.S. Attorney Information:**

AUSA:   J. Christopher Dippel, Jr.      Bar #:   30480

**Interpreter:**  __X__ No     ___ Yes    **List language and/or dialect:**

**Location Status:**

Arrest Date   _____
_____   Already in Federal Custody as of
_____   Already in State Custody
_____   On Pretrial Release

**U.S.C. Citations:**

Total # of Counts:   __2__

| Index Key/Code | Description of Offense Charged | Count(s) | Petty/Misdemeanor/Felony |
|---|---|---|---|
| 18 U.S.C. § 371 | Conspiracy to Commit Securities Fraud | 1 | Felony |
| 15 U.S.C. §§ 78j(b) and 78ff; 17 C.F.R. §§ 240.10b-5 and 240.10b5-1 | Securities Fraud | 2 | Felony |

(May be continued on second sheet)

Date:  2-19-15         Signature of AUSA:  _Chris Dippel_

**District Court Case Number (To be filled in by deputy clerk):** _____